UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WINTERTHUR INTERNATIONAL AMERICA INSURANCE COMPANY, WINTERTHUR INTERNATIONAL AMERICA UNDERWRITERS INSURANCE COMPANY, GENERAL CASUALTY COMPANY OF WISCONSIN, REGENT INSURANCE COMPANY, SOUTHERN INSURANCE COMPANY, UNIGARD INDEMNITY COMPANY, UNIGARD INSURANCE COMPANY, AND BLUE RIDGE INSURANCE COMPANY,<br>       Plaintiffs,<br><br>  v.<br><br>JOHN GARAMENDI, in his capacity as INSURANCE COMMISSIONER for THE STATE OF CALIFORNIA,<br>       Defendant. | NO. CIV. S-00-0779 WBS JFM<br><br>MEMORANDUM AND ORDER RE: MOTION TO ENTERTAIN RULE 60(b)(5) MOTION BEFORE ISSUANCE OF MANDATE |

----oo0oo----

Plaintiffs intend to bring a motion under Federal Rule of Civil Procedure 60(b)(5) to seek relief from this court's January 29, 2004 order denying them attorneys' fees. Because the plaintiffs in three other cases consolidated with this one have appealed from the same order in each of those cases, and because the Ninth Circuit has not yet issued its mandate regarding those appeals, plaintiffs now move the court to advise them whether the court wishes to entertain their Rule 60(b)(5) motion now or after

1

1  the Ninth Circuit issues its mandate in the appeals brought by
2  the parties in the consolidated cases.
3         This motion is unnecessary.  Plaintiffs acknowledge
4  that there is no appeal pending in this case.  Though there are
5  appeals pending in the other consolidated cases, the United
6  States Supreme Court has made it clear that consolidation does
7  not merge the consolidated suits into a single case or transfer
8  those who are parties in one suit into parties in another.
9  Johnson v. Manhattan Ry., 289 U.S. 479, 496-97 (1933).
10 Therefore, the appeals in the consolidated cases do not divest
11 the court of jurisdiction of this case, and plaintiffs do not
12 need to seek the court's permission to file a Rule 60(b)(5)
13 motion.  See, e.g., Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d
14 769, 772-73 (9th Cir. 1986)(noting that party seeking to bring
15 Rule 60(b) motion while appeal is pending in underlying case
16 should file this type of motion with district court).  Moreover,
17 even if it were necessary for plaintiffs to seek the court's
18 permission to bring their contemplated Rule 60(b)(5) motion, the
19 court would allow them to bring the motion.
20        IT IS THEREFORE ORDERED that plaintiffs' motion to
21 entertain a Rule 60(b)(5) motion before issuance of mandate be,
22 and the same hereby is, GRANTED.
23 DATED:  August 26, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2