UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,
WINTERTHUR INTERNATIONAL
AMERICA UNDERWRITERS INSURANCE
COMPANY, GENERAL CASUALTY
COMPANY OF WISCONSIN, REGENT
INSURANCE COMPANY, SOUTHERN
INSURANCE COMPANY, UNIGARD
INDEMNITY COMPANY, UNIGARD
INSURANCE COMPANY, and BLUE
RIDGE INSURANCE COMPANY,

                    CASE NO. CIV. S-00-0779 WBS JFM
                    Consolidated Cases:
                    NO. CIV. S-00-0506 WBS JFM
                    NO. CIV. S-00-0613 WBS JFM
                    NO. CIV. S-00-0875 WBS JFM

        Plaintiffs,

    v.                    MEMORANDUM AND ORDER RE: RULE
                        60(b)(5) MOTION FOR RELIEF
                        FROM ATTORNEYS' FEES

JOHN GARAMENDI, in his
capacity as INSURANCE
COMMISSIONER for THE STATE OF
CALIFORNIA,

        Defendant.

----oo0oo----

///

///

1

I.   Factual and Procedural Background

        Although the content of the underlying matter is not particularly relevant to the instant motion, the procedural history of this case, which has traveled the road to the Supreme Court and back again more than once, is important.

        On June 9, 2000, this court issued a preliminary injunction after ruling that plaintiffs had established the likelihood of irreparable harm and a probability of success on the merits of their claims that the California Holocaust Victim Insurance Relief Act ("HVIRA") violates the Commerce Clause and the foreign affairs power.  Gerling Global Reinsurance Corp. of Am. v. Quackenbush, Nos. CIV. S-00-0506 WBS JFM, CIV. S-00-0613 WBS JFM, CIV. S-00-0779 WBS JFM, CIV. S-00-0875 WBS JFM, 2000 WL 777978 (E.D. Cal. June 9, 2000).  Defendants immediately lodged an interlocutory appeal of that order with the Circuit.

        On February 7, 2001, the Ninth Circuit held that "the district court erred when it decided that HVIRA violates the dormant Commerce Clause and the foreign affairs power."  Gerling Global v. Low, 240 F.3d 739, 754 (9th Cir. 2001).  The Ninth Circuit, however, left the preliminary injunction in place and remanded the matter to this court to address whether HVIRA violates the Due Process Clause.  Id.

        On October 2, 2001, this court granted plaintiffs' motion for summary judgment, holding that HVIRA violated the Due Process Clause, and permanently enjoined defendant from enforcing HVIRA.  Gerling Global v. Low, 186 F. Supp. 2d 1099 (E.D. Cal. 2001).  On October 16, 2001, defendant appealed the grant of summary judgment to the Ninth Circuit.  During the pendency of

2

1  this appeal, plaintiffs moved this court for an award of

2  attorneys' fees pursuant to 42 U.S.C. § 1988.  On January 14,

3  2002, this court denied that motion.

4       On September 9, 2002, the Ninth Circuit reversed this

5  court's order of October 2, 2001, holding, inter alia, that HVIRA

6  does not violate the Due Process Clause, the Commerce Clause, or

7  the foreign affairs power.  Gerling Global v. Low, 296 F.3d 832

8  (9th Cir. 2002).  The Ninth Circuit did not address the merits of

9  this court's January 14, 2002 attorneys' fees ruling.  Instead,

10 the Ninth Circuit stated: "[T]he district court improperly

11 concluded that HVIRA was unconstitutional, it also erred in

12 concluding that Plaintiffs were 'prevailing parties' for the

13 purposes of 42 U.S.C. § 1988.  They are not entitled to fees."

14 Id. at 851.

15      On June 23, 2003, the Supreme Court reversed the Ninth

16 Circuit, holding that HVIRA was preempted by the foreign affairs

17 power.  Am. Ins. Ass'n v. Garamendi, 539 U.S. 396, 413 n.7

18 (2003).  Subsequently, plaintiffs moved the Ninth Circuit for

19 supplemental briefing and oral argument on the issue of

20 attorneys' fees.  On September 9, 2003, the Ninth Circuit denied

21 plaintiffs' motion and ordered that "[t]he issue of attorney fees

22 [be] transferred to the district court for briefing and

23 reconsideration."  (Oct. 31, 2003 Joint Status Conference Report,

24 Ex. A (Gerling Global v. Garamendi, Nos. 01-17023, 01-17433, 02-

25 15282 (9th Cir. Sept. 9, 2003))).

26      Upon reconsideration, and in light of the Supreme

27 Court's decision not to address whether HVIRA violated the

28 Commerce Clause or the Due Process Clause, this court denied

3

1  plaintiffs' motion for attorneys' fees.  (Jan. 29, 2004 Order at
2  5.)  Plaintiffs' only claims capable of supporting fees were
3  their § 1983 claims, which were founded on alleged violations of
4  the Commerce and Due Process Clauses.  (Id. at 6.)  Because
5  plaintiffs ultimately prevailed only on their foreign affairs
6  doctrine preemption theory, the court was unable to conclude that
7  plaintiffs prevailed on a theory capable of supporting a § 1983
8  claim.  (Id.)

9      On appeal, the Ninth Circuit disagreed with this
10  outcome.  It held on March 10, 2005 that despite plaintiffs'
11  failure to prevail on a claim capable of independently supporting
12  a § 1983 fee award, attorneys' fees were nonetheless appropriate.
13  Gerling Global Reinsurance Corp. of Am. v. Garamendi, 400 F.3d
14  803, 808, 810, amended by 410 F.3d 531 (9th Cir. 2005).
15  Consequently, the Ninth Circuit remanded the matter to this court
16  "with instructions to exercise its discretion to determine a
17  reasonable amount of attorney's fees . . . ."  Id. at 811.  The
18  successful appellants on the attorney's fees matter have not yet
19  made a motion for this court to act on that judgment.

20      Of note, plaintiffs behind this motion, Winterthur
21  International America Insurance Company, et al., did not join in
22  the appeal of the order on attorneys' fees.[1]  Consequently,
23  plaintiffs here sought, and were granted, permission to file a
24  motion pursuant to Federal Rule of Civil Procedure 60(b)(5),
25  requesting relief from judgment.  (Aug. 26, 2005 Order at 2.)

26

27      [1] This litigation resulted from the consolidation of several
28  complaints filed by various insurance companies, challenging the
   validity of HVIRA. (Oct. 16, 2000 Order.)

4

1  That is the motion now before the court.

2  II.  Discussion

3          Federal Rule of Civil Procedure 60(b)(5) permits a

4  district court, in its discretion,[2] to "relieve a party or a

5  party's legal representative from a final judgment, order, or

6  proceeding" when (1) "the judgment has been satisfied, released,

7  or discharged," or (2) "a prior judgment upon which it is based

8  has been reversed or otherwise vacated," or (3) "it is no longer

9  equitable that the judgment should have prospective application .

10 . . ."  Fed. R. Civ. P. 60(b)(5); see also United States v.

---

[2] The "factors" that plaintiff argues govern a district
court's discretion under Rule 60(b)(5) seem to be more of a
threshold test, rather than a list of considerations for a judge
exercising his or her discretion.  See Werner v. Carbo, 731 F.2d
204, 206-07 (4th Cir. 1984) ("To bring himself within Rule 60(b),
the movant must make a showing of timeliness, a meritorious
defense, a lack of unfair prejudice to the opposing party, and
exceptional circumstances.").  But see Meridian Sav. Ass'n v.
Sadler, 759 F. Supp. 336, 338 (N.D. Tex. 1990) (identifying a
similar, but more comprehensive, set of factors for a court to
consider in its discretion to grant relief pursuant to Rule
60(b): (1) that final judgments should not be lightly disturbed;
(2) that the Rule 60(b) motion is not to be used as a substitute
for appeal; (3) that the rule should be liberally construed in
order to achieve substantial justice; (4) whether the motion was
made within a reasonable time; (5) [N/A--applies to default
judgments only]; (6) whether--if the judgment was rendered after
a trial on the merits--the movant had a fair opportunity to
present his claim or defense; (7) whether there are intervening
equities that would make it inequitable to grant relief; and (8)
any other factors relevant to the justice of the judgment under
attack." (citing Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402
(5th Cir. 1981))).  Nevertheless, assuming that all of the above
factors are relevant, for the following reasons, the court would
decline to exercise its discretion in this case.  First,
plaintiffs here seek relief under Rule 60(b) as a substitute for
appeal that they consciously elected not to file.  To award Rule
60(b) relief here, in the absence of exceptional circumstances,
would encourage future litigants in mutli-party litigation to sit
back and wait for other parties to work on an appeal.  Second,
the appealing and non-appealing parties are not so closely
related that this result is unjust, given that their relationship
to each other arose solely from the consolidation of separately
filed cases against the Commissioner.

5

1  <u>Washington</u>, 394 F.3d 1152, 1157 (9th Cir. 2005) ("We review the

2  denial of a Rule 60(b) motion for an abuse of discretion.").

3  Parties that come within the provisions of this rule can be

4  excused from failing to appeal an unfavorable judgment.  <u>Ackerman</u>

5  <u>v. United States</u>, 340 U.S. 193, 198 (1950).  However, "Rule 60(b)

6  was not intended to provide relief for error on the part of the

7  court or to afford a substitute for appeal."  <u>Title v. United</u>

8  <u>States</u>, 263 F.3d 28, 31 (9th Cir. 1959) (citing, inter alia,

9  <u>Ackerman</u>, 340 U.S. at 202).

10       Although Rule 60(b)(5) has three subparts, plaintiffs

11  only argue for relief based on one theory: a prior judgment upon

12  which the denial of attorneys' fees was based has been reversed

13  or otherwise vacated.  (Pl.'s Mot. for Relief from Order re

14  Attorneys' Fees at 1.)  They contend that under this rule, "a

15  non-appealing party may be relieved from a judgment or order if a

16  co-party in the same proceeding appeals and obtains a reversal of

17  a simultaneous adverse judgment."  (<u>Id.</u>)  Plaintiff's

18  interpretation of 60(b)(5) contradicts the plain language of the

19  rule and conflicts with other legal principles.

20       By its terms, Rule 60(b)(5) permits relief only when a

21  prior judgment on which the challenged decision was based has

22  been overturned, and the rule's proper application is exemplified

23  by <u>California Medical Association v. Shalala</u>, 207 F.3d 575 (9th

24  Cir. 2000).  In <u>Shalala</u>, the Director of the California

25  Department of Health sought restitution of fees paid pursuant to

26  a judgment that was later reversed on appeal.  <u>Id.</u> at 576.

27  Although the defendant appealed only the liability judgment and

28  not the fee award, the court held that relief from the fee award

1  under Rule 60(b)(5) was appropriate where "reversal of the merits
2  [on which the fee award was based] removes the underpinnings of
3  the fee award."  <u>Id.</u> at 577-78.

4      Thus, "Rule 60(b)(5) is available if a party seeks
5  relief solely on the ground that the underlying merits judgment
6  [has been] reversed."  <u>Id.</u> at 577.  In contrast , "a party must
7  file an appeal . . . when it challenges some aspect of the fee
8  award itself."  <u>Id.</u>  (discussing dicta from <u>Mother Goose Nursery</u>
9  <u>Schs., Inc. v. Sendak</u>, 770 F.2d 668, 676 (7th Cir. 1985)).  Here,
10 plaintiffs seek to challenge the fee award itself.  The award was
11 successfully appealed only by other parties, who secured a
12 decision from the Ninth Circuit holding that this court erred
13 when it denied fees in the first instance.  Rule 60(b)(5) does
14 not support relief under these circumstances.  <u>Title</u>, 263 F.3d at
15 31 ("Rule 60(b) was not intended to provide relief for error on
16 the part of the court . . . .").  Again, the appropriate vehicle
17 for relief here was an appeal, which plaintiffs failed to
18 perfect.

19     Plaintiffs have offered no explanation to dispel the
20 court's belief that the decision not to appeal was nothing more
21 than a calculated risk, made as part of a tactical decision by
22 sophisticated litigants.  On repeated prodding from the court,
23 they failed to explain why they did not appeal, especially when,
24 because there was no cost sharing agreement between plaintiffs,
25 joining the appeal would have been a near costless endeavor.[3]

26

27     [3] Defendants noted at oral argument that joining in the
appeal would not necessarily have been cost-less.  Had the Ninth
28 Circuit upheld this court's denial of attorneys' fees, the

1  They also failed to convince the court that when they sent word

2  that they had no plans to even pursue an outstanding cost

3  recovery action, they were not abandoning the litigation.

4  (Def.'s Opp'n to Pls.' 60(5)(b) Mot. Ex. A (regarding plaintiffs'

5  intent not to pursue the Bill of Costs filed against Commissioner

6  in the amount of $7,744.94 in October 2001).)  From plaintiffs'

7  actions, the court can only conclude that they simply gave up and

8  threw in the towel.  Now that others have tasted success, they

9  want back in the game.

10        Plaintiffs appear to believe that their "interwoven

11  interest" with the appealing plaintiffs distinguishes their case

12  and sets them apart from every other litigant who is required to

13  appeal in order to enjoy the benefits bestowed by a change in the

14  courts' understanding of the law.  However, the Supreme Court and

15  the Ninth Circuit have disapproved of actions brought in pursuit

16  of windfall benefits resulting from "appellate reversal procured

17  by other independent parties."  Federated Dep't Stores v. Moitie,

18  452 U.S. 394, 400 (1981); Abatti v. Comm'r, 859 F.2d 115, 119

19  (9th Cir. 1988) (recognizing this rule).[4]  Plaintiffs'

20  relationship to the non-appealing parties in this consolidated

21  case did not relieve them of the responsibility to individually

22

23  appealing parties would have been responsible for the costs of
   the appeal.  By not joining in the appeal, plaintiffs avoided
24  this potential liability.

25  [4] Plaintiffs would have the court read Moitie very narrowly
   to apply only to cases where non-appealing parties seek to re-
26  litigate claims, based on a reversal of those same claims when
   appealed by other parties to the suit.  However, plaintiffs'
   proposal runs counter "to the general rule that when less than
27  all the co-defendants appeal from an adverse judgment, the
   non-appealing co-defendants cannot benefit from an appellate
28  decision reversing the judgment."  Abatti, 859 F.2d at 119.

1  appeal this court's denial of their motion for attorneys' fees.

2  See In re Fine Paper Antitrust Litig., 840 F.2d 188, 194-95 (3d

3  Cir. 1988) (holding that, in a multi-party action where some of

4  the parties appealed and others did not, the first five of the

5  six grounds for a Rule 60(b) motion do not apply).

6      Moreover, the interests of the non-appealing parties

7  regarding attorneys' fees are not, as they claim, dependent on

8  and inseparable from the interests of the appealing parties.  The

9  only joint interest plaintiffs here shared was in a legal

10 determination regarding whether attorneys' fees could be awarded

11 under 42 U.S.C. § 1988 when a party prevails on a theory that

12 does not necessarily support § 1983 liability.  The appealing

13 plaintiffs had this question resolved in their favor and the non-

14 appealing plaintiffs did not.  Again, the circumstances here do

15 not support relief under Rule 60(b)(5).  Cruickshank & Co. v.

16 Dutchess Shipping Co., 805 F.2d 465, 468 (2d Cir. 1986)

17 (rejecting the questionable "interwoven and dependent" interest

18 basis for Rule 60(b) relief when one party appealed a damages

19 award and others did not); see also Moitie, 452 U.S. at 400

20 ("[N]o general equitable doctrine . . . countenances an exception

21 to the finality of a party's failure to appeal merely because his

22 rights are 'closely interwoven' with those of another party.").

23 III. Conclusion

24      Addressing a motion for relief under Rule 60(b)(6), the

25 Supreme Court noted that when a party chooses not to appeal, he

26 takes "a risk, but [one that is] calculated and deliberate and

27 such as follows a free choice. [He] cannot be relieved of such a

28 choice because hindsight seems to indicate to him that his

9

1   decision not to appeal was probably wrong . . . ." <u>Ackermann</u>,

2   340 U.S. at 198.  Similarly, plaintiffs here made the decision

3   not to appeal and Rule 60(b)(5) cannot save them from that

4   miscalculation.

5           IT IS THEREFORE ORDERED that plaintiffs' Rule 60(b)(5)

6   motion for relief from judgment be, and the same hereby is,

7   DENIED.

8   DATED:  December 14, 2005

9

10  _____
    WILLIAM B. SHUBB
11  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28